1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOPEZ, | Case No. 2:21-cv-00833-ODW-AGR |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| CITY OF EL MONTE; LUIS MIJANGOS; MIRIAM CUEVAS; DAVID AVALOS; TYLER DOMINGUEZ; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure, Rule 26(c), Defendants CITY OF EL MONTE, OFFICER LUIS MIJANGOS, OFFICER MIRIAM CUEVAS, OFFICER DAVID AVALOS and OFFICER TYLER DOMINGUEZ and Plaintiff

MICHAEL LOPEZ, by and through their attorneys of record, hereby stipulate to the Protective Order set forth herein regarding the production of documents, records, and tangible things during the discovery phase of this action.  The City of El Monte, Officer Luis Mijangos, Officer Miriam Cuevas, Officer David Avalos, Officer Tyler Dominguez and Plaintiff are sometimes hereinafter referred to individually as a "Party" and collectively as the "Parties.

### 1.   A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  This Order is intended to protect all documents produced by Defendants City of El Monte, Officer Luis Mijangos, Officer Miriam Cuevas, Officer David Avalos and Officer Tyler Dominguez as part of Defendants' responses and/or supplemental responses to Plaintiffs' Requests for Production of Documents, as well as any documents which are ordered to be produced by the Court resulting from any discovery disputes that arise in this matter.   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B.   GOOD CAUSE STATEMENT

Though Plaintiffs may be entitled, in certain limited circumstances, to examine information in police officers' personnel files, internal affairs files and force reports,

to the extent that they are relevant to their claims in the above-captioned action, the Defendants contend that a protective order is necessary to prevent random distribution of such information.  Furthermore, this proposed protective order was created for the purpose of protecting certain information that may be subject to the official information privilege, law enforcement privilege and the right to privacy, as protected by the California and United States Constitution, balanced with plaintiffs' right to discovery in this litigation.

Police personnel records are deemed confidential under federal law.  <u>Sanchez v. Santa Ana Police Dep't.</u>, 936 F.2d 1027, 1033-34 (9th Cir. 1990).  Law enforcement personnel records also involve confidential information that is protected by the Police Officers Bill of Rights, as codified at section 3300, *et seq.*, of the California Government Code.  The public disclosure of law enforcement personnel records and records which include witness name, etc., is further limited by a number of California statutes, including but not limited to California Government Code section 6254 and California Penal Code section 832.7, *et seq.*

The City and individual peace officer Defendants herein contend that they have an interest in protecting their privacy rights relating to information in their personnel files and other related information.

It is the policy of the City of El Monte/El Monte Police Department not to disclose information contained in background investigations about its employees, or other information contained in confidential police personnel files unless ordered to do so by a court of competent jurisdiction.  Further, it is the policy of the City of El Monte/El Monte Police Department not to disclose information contained in police reports to those other than the parties involved in the incident, their representatives, prosecutors, etc. unless ordered to do so by a court of competent jurisdiction.

Within the City of El Monte/El Monte Police Department, access to personnel files is restricted to those on a "need to know" basis.  Controlled access to the files is regarded by the City/Department as essential in order to assure the integrity and

3

security of such files.  The City/Department contends that uncontrolled disclosure of such information can disrupt the City's/Department's vital, day-to-day operations, erode the integrity and security of the confidential personnel and related files, affect the morale of City's/Department's personnel, and frustrate the legitimate purposes of gathering the information in these files, including adversely impacting disciplinary procedures within the City/Department.

With respect to police reports, unfettered access is not granted to the public. Instead, access is restricted to those investigating the incident, involved in the incident or their representatives, those who are prosecuting and/or defending those involved, and those who maintain the records.  The City/Department contends that controlled access is necessary to not only assure the integrity and security of said files, but also to ensure the privacy rights of those involved especially third party witnesses and minors are protected.  Permitting uncontrolled disclosure can disrupt the City's/Department's day-to-day operations, including but not limited to adversely impacting the City's/Department's ability to thoroughly investigate incidents.

Further, the City/Department contends that information contained in the requested material case files is gathered and maintained in confidence by the City/Department.  The information gathered in these case files generally includes the statements of third party witnesses collected in confidence.  Witnesses are told that the confidentiality of their statement will be protected and that they are for the confidential use of the City/Department.  The City/Department believes that uncontrolled release of this information would cause needless intrusion into and violation of privacy rights.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve

1  the ends of justice, a protective order for such information is justified in this matter.

2  It is the intent of the parties that information will not be designated as confidential for

3  tactical reasons and that nothing be so designated without a good faith belief that it

4  has been maintained in a confidential, non-public manner, and there is good cause

5  why it should not be part of the public record of this case.

6      **2.**    **DEFINITIONS**

7      2.1 <u>Action</u>: <u>Michael Lopez v. City of El Monte, et al.</u> (U.S.D.C. Case No. 2:21-

8  cv-00833-ODW-AGR).

9      2.2 <u>Challenging Party</u>: a Party that challenges the designation of information

10  or items under this Order.

11      2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how

12  it is generated, stored or maintained) or tangible things that qualify for protection

13  under Federal Rule of Civil Procedure 26(c), and as specified above in the Good

14  Cause Statement, including documents produced by Defendants' responses and/or

15  supplemental responses to Plaintiffs' Requests for Production of Documents, as well

16  as any documents which are ordered to be produced by the Court resulting from any

17  discovery disputes that arise in this matter.

18      2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their

19  support staff).

20      2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or

21  items that it produces in disclosures or in responses to discovery as

22  "CONFIDENTIAL."

23      2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of

24  the medium or manner in which it is generated, stored, or maintained (including,

25  among other things, testimony, transcripts, and tangible things), that are produced or

26  generated in disclosures or responses to discovery in this matter.

27  ///

28  ///

1    2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter

2    pertinent to the litigation who has been retained by a Party or its counsel to serve as

3    an expert witness or as a consultant in this Action.

4    2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action.

5    House Counsel does not include Outside Counsel of Record or any other outside

6    counsel.

7    2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or

8    other legal entity not named as a Party to this action.

9    2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to

10   this Action but are retained to represent or advise a party to this Action and have

11   appeared in this Action on behalf of that party, and includes support staff.

12   2.11 <u>Party</u>: any party to this Action, including all of its officers, directors,

13   employees, consultants, retained experts, and Outside Counsel of Record (and their

14   support staffs).

15   2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

16   Discovery Material in this Action.

17   2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support

18   services (e.g., photocopying, videotaping, translating, preparing exhibits or

19   demonstrations, and organizing, storing, or retrieving data in any form or medium)

20   and their employees and subcontractors.

21   2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is

22   designated as "CONFIDENTIAL."

23   2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

24   from a Producing Party.

25   **3.    SCOPE**

26   The protections conferred by this Stipulation and Order cover not only

27   Protected Material (as defined above), but also (1) any information copied or extracted

28   from Protected Material; (2) all copies, excerpts, summaries, or compilations of

Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

### 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5.   DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Here, the designated material includes documents produced by Defendants' responses and/or supplemental responses to Plaintiffs' Requests for Production of Documents, as well as any documents which are ordered to be produced by the Court resulting from any discovery disputes that arise in this matter.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper

1  purpose (e.g., to unnecessarily encumber the case development process or to impose
2  unnecessary expenses and burdens on other parties) may expose the Designating Party
3  to sanctions.

4        If it comes to a Designating Party's attention that information or items that it
5  designated for protection do not qualify for protection, that Designating Party must
6  promptly notify all other Parties that it is withdrawing the inapplicable designation.

7        5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this
8  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated
9  or ordered, Disclosure or Discovery Material that qualifies for protection under this
10  Order must be clearly so designated before the material is disclosed or produced.

11        Designation in conformity with this Order requires:

12        (a) for information in documentary form (e.g., paper or electronic documents,
13  but excluding transcripts of depositions or other pretrial or trial proceedings), that the
14  Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter
15  "CONFIDENTIAL legend"), to each page that contains protected material. If only a
16  portion or portions of the material on a page qualifies for protection, the Producing
17  Party also must clearly identify the protected portion(s) (e.g., by making appropriate
18  markings in the margins).

19        A Party or Non-Party that makes original documents available for inspection
20  need not designate them for protection until after the inspecting Party has indicated
21  which documents it would like copied and produced. During the inspection and before
22  the designation, all of the material made available for inspection shall be deemed
23  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants
24  copied and produced, the Producing Party must determine which documents, or
25  portions thereof, qualify for protection under this Order. Then, before producing the
26  specified documents, the Producing Party must affix the "CONFIDENTIAL legend"
27  to each page that contains Protected Material. If only a portion or portions of the
28  material on a page qualifies for protection, the Producing Party also must clearly

8

identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing

1  Party's designation until the Court rules on the challenge.

2  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

3  7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is

4  disclosed or produced by another Party or by a Non-Party in connection with this

5  Action only for prosecuting, defending, or attempting to settle this Action. Such

6  Protected Material may be disclosed only to the categories of persons and under the

7  conditions described in this Order. When the Action has been terminated, a Receiving

8  Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

9  Protected Material must be stored and maintained by a Receiving Party at a

10  location and in a secure manner that ensures that access is limited to the persons

11  authorized under this Order.

12  7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise

13  ordered by the court or permitted in writing by the Designating Party, a Receiving

14  Party may disclose any information or item designated "CONFIDENTIAL" only to:

15  (a) the Receiving Party's Outside Counsel of Record in this Action, as well as

16  employees of said Outside Counsel of Record to whom it is reasonably necessary to

17  disclose the information for this Action;

18  (b)    the officers, directors, and employees (including House Counsel) of the

19  Receiving Party to whom disclosure is reasonably necessary for this Action;

20  (c)    Experts (as defined in this Order) of the Receiving Party to whom

21  disclosure is reasonably necessary for this Action and who have signed the

22  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23  (d)    the court and its personnel;

24  (e)    court reporters and their staff;

25  (f)    professional jury or trial consultants, mock jurors, and Professional

26  Vendors to whom disclosure is reasonably necessary for this Action and who have

27  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28  ///

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and shall not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED  IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action a "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action

as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.

STIPULATED PROTECTIVE ORDER

If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

///

///

### 12.    MISCELLANEOUS

12.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material.</u> All Parties and their Counsel agree that if a Party intends to file Protected Material with the Court, for any reason, that party and Counsel shall request permission from the Court to file the Protected Material under seal.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### 13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party (which also includes those defined as a Party in Section 2.11) must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms

1  that the Receiving Party has not retained any copies, abstracts, compilations,
2  summaries or any other format reproducing or capturing any of the Protected Material.
3  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
4  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
5  correspondence, deposition and trial exhibits, expert reports, attorney work product,
6  and consultant and expert work product, even if such materials contain Protected
7  Material. Any such archival copies that contain or constitute Protected Material
8  remain subject to this Protective Order as set forth in Section 4 (DURATION).

9      14. Any violation of this Order may be punished by any and all appropriate
10 measures including, without limitation, contempt proceedings and/or monetary
11 sanctions.

12      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14 DATED:  December 28, 2021      LAW OFFICE OF GREGORY PEACOCK
15                               LAW OFFICES OF JAMES P. SEGALL-
                                 GUTIERREZ
16
17                          By:  */s/: Gregory Peacock*
                                 GREGORY PEACOCK
18                               JAMES P. SEGALL-GUTIERREZ
19                               Attorneys for Plaintiff MICHAEL LOPEZ

20 DATED:  December 28, 2021      CARPENTER, ROTHANS & DUMONT LLP
21
22                          By: */s/: Jonathan D. Redford*
23                               STEVEN J. ROTHANS
24                               JONATHAN D. REDFORD
                                 Attorneys for Defendants
25

26      Pursuant to Central District Local Rule 5-4.3.4(a)(2)(i), the filer of this
27 document attests that all other signatories listed, and on whose behalf the filing is
28 submitted, concur in the filing's content and have authorized the filing.

STIPULATED PROTECTIVE ORDER

1

## **Order**

2

3       FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

4

5   Date: <u>January 25, 2022</u>

6                                                        Honorable Alicia G. Rosenberg
                                                         United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Michael Lopez. v. City of El Monte, et al. (U.S.D.C. Case No. 2:21-cv-00833-ODW-AGR).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER